# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

TIMOTHY MILES MEDLEY,

       Defendant-Appellee.

UNPUBLISHED
April 21, 2016

No. 320089
Jackson Circuit Court
LC No. 12-005097

ON REMAND

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

This case returns to us after the Supreme Court vacated our prior judgment in *People v Medley*, unpublished opinion per curiam of the Court of Appeals, issued June 9, 2015 (Docket No. 320089), and remanded "for reconsideration in light of *People v Lockridge*, 498 Mich 358[; 870 NW2d 502] (2015)."[1]  For the reasons provided below, we remand to the trial court for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to second-degree fleeing or eluding a police officer, MCL 750.479a(4), and third-offense operating a vehicle while intoxicated (OWI), MCL 257.625.  The sentencing guidelines range for defendant's minimum sentence was 29 to 71 months, but in November 2013, the trial court sentenced defendant below the guidelines to two concurrent one-year terms in jail for each offense.  The prosecutor filed an application for leave to appeal, which this Court granted,[2] but when the parties subsequently stipulated to resentencing, the appeal was dismissed.

---

[1] *People v Medley*, ___ Mich ___; 875 NW2d 227 (2016).

[2] *People v Medley*, unpublished order of the Court of Appeals, entered December 13, 2013 (Docket No. 319274).

-1-

At the January 2014 resentencing, the trial court again imposed the same one-year jail term. The trial court based its sentence on the following factors: (1) defendant had allegedly remained sober for a significant period of time, and (2) defendant did not injure anyone when he eluded the police in a high-speed chase. The trial court also adopted defendant's arguments for a downward departure, which included: (1) defendant had been voluntarily using an alcohol tether, (2) defendant ran a successful business, and (3) defendant felt remorse for his conduct. The prosecutor again filed an application for leave to appeal the downward departure, which this Court granted.[3]

In June 2015, this Court vacated defendant's sentence and remanded for resentencing. *Medley*, unpub op at 4. In the opinion, we held that, contrary to MCL 769.34(3), the trial court failed to articulate a substantial and compelling reason to justify the downward departure and that the sentence imposed was not proportionate, particularly in light of defendant's "extensive criminal history," including alcohol-related offenses (six drunk driving offenses) and three fleeing or eluding convictions. *Id.* at 3-4.

The Supreme Court vacated our judgment and ordered us to reconsider it in light of the Supreme Court's recent pronouncements in *Lockridge*.

## II. ANALYSIS

In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent that they require judicial fact-finding beyond facts that were admitted by the defendant or found by the jury, which are then used to score offense variables that increase the floor of the guidelines minimum sentence range. The concern is that when a judge makes such findings of fact in a sentencing proceeding a defendant's Sixth Amendment right to a jury trial is violated. *Id*. The Court held that in order to avoid any Sixth Amendment violation, Michigan's sentencing guidelines are to be deemed advisory, instead of mandatory. *Id.* at 391. However, sentencing courts must continue to consult the guidelines and " 'take them into account when sentencing.' " *Id.*, quoting *United States v Booker*, 543 US 220, 264; 125 S Ct 738; 160 L Ed 2d 621 (2005).

In *Lockridge*, 498 Mich at 364-365, the Court also struck down "the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." Instead of the substantial and compelling standard, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* at 392.

In *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op, pp 21-25, this Court held that the reasonableness of a sentence is determined by using the "principle of proportionality" standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). This Court stated:

---

[3] *People v Medley*, unpublished order of the Court of Appeals, entered March 26, 2014 (Docket No. 320089).

Under the new test, "a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality, which require[d] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 636. As such, trial courts were required to impose a sentence that took "into account the nature of the offense and the background of the offender." *Id.* at 651. [*Steanhouse*, ___ Mich App at ___ (slip op at 23).]

This Court further explained:

Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation; and (3) factors that were inadequately considered by the guidelines in a particular case. [*Id.* at ___ (slip op at 24).]

The *Steanhouse* Court adopted the *Crosby*[4] remand procedure established in *Lockridge* for cases in which the trial court departed from the sentencing guidelines and "was unaware of and not expressly bound by [the] reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Id.* at ___ (slip op at 25). In *Lockridge*, our Supreme Court stated:

[O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (quotation marks and citations omitted).]

In this case, following *Lockridge* and *Steanhouse*, a review of the trial court's substantial and compelling reasons for its downward departure is no longer relevant. Here, as in *Steanhouse*, when the trial court sentenced defendant, it "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality." *Steanhouse*, ___ Mich App at ___ (slip op at 25). Thus, as directed by *Steanhouse*, we remand this case to the trial court for a *Crosby* proceeding. But because the prosecution is the party challenging the trial court's departure from the sentencing guidelines, on remand, the

---

[4] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

prosecution—not defendant—may "elect to forego resentencing" by providing the trial court with prompt notice of its intention to do so. See *id.* (slip op at 25). If such notice is not received by the trial court in a timely manner, it shall continue with the *Crosby* remand. *Id.* (slip op at 25). If resentencing occurs, the trial court must "specifically justify the extent of any departure sentence the court may elect to impose," and "explain why the sentence imposed is proportionate to the seriousness of the convicted offenses, taking into account defendant's background and any mitigating factors brought forward by counsel." *People v Masroor*, ___ Mich App ___; ___ NW2d ___ (Docket No 322280, issued November 24, 2015), slip op, p 11.

Remanded for further sentencing proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray